# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHWEST DIVISION

| | |
|---|---|
| WAYNE CORK and JANET CORK, <br> 2286 Farm Rd. 1100 <br> Monett, MO 65708 <br><br> Plaintiffs, <br><br> vs. <br><br> ALLIED INTERSTATE, INC., <br> 100 S. 5th St., Suite 1075 <br> Minneapolis, MN 55402 <br><br> Defendant. | Case No. **3:09-cv-05032-WAK** <br> Division No. |

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, WAYNE CORK and JANET CORK (collectively "Plaintiffs"), by and through Plaintiffs' attorneys, KROHN & MOSS, LTD., allege the following against Defendant, ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1.   Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.   Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3.   Because Defendant conducts business in the state of Missouri, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

**PARTIES**

6. Plaintiff, WAYNE CORK, is a natural person residing in Monett, Barry County, Missouri.

7. Plaintiff, JANET CORK, is a natural person residing in Monett, Barry County, Missouri.

8. Plaintiffs are consumers as that term is defined by 15 U.S.C. 1692a(3).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and contacted Plaintiffs in an attempt to collect a consumer debt.

10. Defendant is a national company with its headquarters located in Minneapolis, Minnesota.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Defendant constantly and continuously places calls to Plaintiffs.

14. Defendant places calls to Plaintiffs' home telephone number of 417-235-6758.

15. Defendant places calls to Plaintiffs and informs Plaintiffs to call back at 866-526-7795.

16. Defendant is attempting to collect a debt owed by Carl Mercer.

17. Carl Mercer does not reside at Plaintiffs' home.

18. Plaintiffs informed defendant on numerous occasions that Carl Mercer does not reside at Plaintiffs' home, but Defendant continues to place calls to Plaintiffs.

19. Defendant fails to leave messages for Plaintiffs.

20. Defendant failed to properly identify itself as a debt collector in subsequent communications.

21. Defendant did not send Plaintiffs a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d(5) of the FDCPA by causing Plaintiffs' telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiffs.

   b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of Defendant's identity.

   c. Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the amount of the debt because Plaintiffs do not owe the debt.

   d. Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the communications were from a debt collector.

   e. Defendant violated §1692f(1) of the FDCPA by attempting to collect a debt greater than an amount authorized by Plaintiffs because Plaintiffs do not owe the alleged debt.

   f. Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that

unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor

23. As a direct and proximate result of Defendant's foregoing actions, Plaintiffs have suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiffs, WAYNE CORK and JANET CORK, respectfully request judgment be entered against Defendant, ALLIED INTERSTATE, INC., for the following:

24. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

25. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

26. Actual damages;

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

28. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____/s/Patrick Cuezze_____
Patrick Cuezze
Attorneys for Plaintiffs
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA 90025

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, WAYNE CORK and JANET CORK, hereby demand trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI)

Plaintiff, WAYNE CORK, states the following:

1. I am one of the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, WAYNE CORK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_4-19-09_
Date

_/s/ Wayne Cork_
WAYNE CORK

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI)

Plaintiff, JANET CORK, states the following:

1. I am one of the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JANET CORK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_4-19-09_
Date

_Janet Cork_
JANET CORK

# EXHIBIT A

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — YES / **NO**
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — YES / **NO**
8. Feelings of hopelessness, pessimism — YES / **NO**
9. Feelings of guilt, worthlessness, helplessness — YES / **NO**
10. Appetite and/or weight loss or overeating and weight gain — YES / **NO**
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — YES / **NO**
15. Negative impact on my relationships — YES / **NO**

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4-19-09

_____
Signed Name

WAyne Cork
Printed Name

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — YES (NO)
3. Nervousness — (YES) NO
4. Fear of answering the door — YES (NO)
5. Embarrassment when speaking with family or friends — YES (NO)
6. Depressions (sad, anxious, or "empty" moods) — (YES) NO
7. Chest pains — YES (NO)
8. Feelings of hopelessness, pessimism — YES (NO)
9. Feelings of guilt, worthlessness, helplessness — YES (NO)
10. Appetite and/or weight loss or overeating and weight gain — YES (NO)
11. Thoughts of death, suicide or suicide attempts — YES (NO)
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — (YES) NO
14. Negative impact on my job — YES (NO)
15. Negative impact on my relationships — YES (NO)

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: This Co. is calling for my ex- we have been divorced for 11 years. Previously we had to file a complaint & have our phone tapped for death threats. Just the mention of his name raises my blood pressure. If this company somehow got my number for him (no contact with him at all in over 15 yrs) I am afraid that somehow he will get my information. (continued below)

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4-19-09

Janet L Cork
Signed Name

Janet L Cork
Printed Name

Also, it was in our Divorce decree that he was to pay some back taxes owed to the City of Berea, OH. He wrote deceased on a stmt & they came after us for the pymt. I am very concerned that this company may come after us, since I have no idea what this debt is for, or from when.